UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

*In re* Application of

OAK TRUST, ACORN TRUST, EAGLE TRUST, DUFFY TRUST, ROBERT J. PARFET LIVING TRUST, GELUK GLOBAL FUND LIMITED SAC, MIGRATION INVESTMENTS, LLC, BOUSTROPHEDON INTERNATIONAL LTD, MICHAEL R. SHEA, ERIN SHEA, ANGELA LING, FUHUA LING, PHILIP BULLOCK, LIFANG LIU, JUSTIN PAYNE, MICHAEL DIETZEN, KIMBERLY J. DIETZEN, BRIAN SLY, DAVID K. SLY, GREGORY SLY, KAREN SLY, NELSON SLY, HELEN S. SLY, SLY FAMILY TRUST, AND TAMARA A. SLY SEPARATE PROPERTY TRUST,

    Applicants,

**Pursuant to 28 U.S.C. § 1782 for Judicial Assistance in Obtaining discovery from Douglas M. Bassett, for use in a Foreign Proceeding.**

**Case No: 5:21-mc-00007-JSM-PRL**

### ORDER

The applicants in this case have filed an *ex parte* application for an Order to take discovery for use in a foreign proceeding pursuant to 28 U.S.C. § 1782. (Doc. 1). Applicants aver that the discovery is necessary to proceed on their claims in an anticipated fraud proceeding in the United Kingdom. The applicants are seeking relevant documents and testimony from Douglas M. Bassett.

I. **BACKGROUND**

The applicants are individuals and entities who were investors in a multi-million dollar fraudulent Forex trading and investment scheme that was facilitated by a London-based broker. Douglas M. Bassett was a trade engineer at the London-based broker's subsidiary, which provided client support services to the entities that perpetrated the fraud. (Doc. 1-2, ¶¶ 14-15). The applicants believe that Mr. Bassett has knowledge and information related to the subsidiary's relationship with the perpetrators of the fraud. (Doc. 1-2, ¶¶ 14-15). Robert K. Campbell, a solicitor of the Senior Courts of England Wales, declares that the applicants suffered loss as a result of the fraudulent Forex scheme. (Doc. 1-2, ¶ 4). The applicants intend to pursue claims against the perpetrators of the fraud pursuant to the laws of England and Wales. (Doc. 1-2, ¶ 7).

II. **STANDARD**

Section 1782 permits a court to order discovery from a person residing within the United States of any nonprivileged matter that is relevant to a party's claim or defense. *See In re O'Keefe*, 660 F. App'x 871, 872–73 (11th Cir. 2016). The statute requires that: "(1) the request must be made 'by a foreign or international tribunal,' or by 'any interested person'; (2) the request must seek evidence, whether it be the 'testimony or statement' of a person or the production of 'a document or other thing'; (3) the evidence must be 'for use in a proceeding in a foreign or international tribunal'; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance." *In re Clerici*, 481 F.3d 1324, 1331–32 (11th Cir. 2007).

If the four requirements are met, the court has the discretion to authorize discovery. *Id.* at 1332. In considering whether to allow discovery, the court should consider the four

factors identified by the U.S. Supreme Court: "(1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding,' because 'the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is otherwise 'unduly intrusive or burdensome.'" *Id.* at 1334 (quoting *Intel Corp. v. Advanced Mic Devices, Inc.*, 542 U.S. 241, 264–65 (2004)).

### III. DISCUSSION

Here, the Court finds that based on the Applicants' argument and the declaration of Robert K. Campbell, the statutory requirements of 28 U.S.C. § 1782 are satisfied, and the factors identified by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), weigh in favor of granting the application. As to the statutory requirements, (1) the applicants are "interested parties" because each expects to be a claimant in the anticipated U.K. proceeding; (2) the applicants seek both the testimony of Mr. Bassett and the production of documents; (3) the evidence is for use in an anticipated proceeding in the United Kingdom; and (4) Douglas M. Bassett resides in the Middle District of Florida.

As to the Intel factors: (1) Mr. Bassett will not be a party in the anticipated U.K proceeding and, thus, potentially beyond the jurisdiction of the High Court of England and Wales to compel production; (2) there is no evidence the court in the United Kingdom would be unreceptive to the evidence; (3) it does not appear that the evidence is being sought in an attempt to circumvent any foreign discovery rules; and (4) the request is not unduly

burdensome—as it is tailored to obtain information regarding the facilitation and concealment of the fraudulent investment scheme.[1]

Accordingly, it is **ordered** that:

1) The application is **GRANTED** (Doc. 1);

2) The applicants are authorized to serve on Douglas M. Bassett the subpoenas attached to the application as Exhibits A and B, along with a copy of this Order and the original application; and

3) Douglas M. Bassett is **directed** to respond to the subpoena consistent with the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida.

**DONE** and **ORDERED** in Ocala, Florida on April 13, 2021.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The Court's order is made without prejudice to Mr. Bassett later contesting the requested discovery by seeking a protective order or any other relief consistent with the Federal Rules of Civil Procedure.